UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARKETTA MAY,

                Plaintiff,                         Case No. 12-11597

v.                                     Paul D. Borman
                                     United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                     Laurie J. Michelson
                                     United States Magistrate Judge

                Defendant.
_____/

OPINION AND ORDER:
(1) DENYING PLAINTIFF'S OBJECTIONS (Dkt. No. 22);
(2) ADOPTING THE REPORT AND RECOMMENDATION (Dkt. No. 21);
(3) GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (Dkt. No. 12);
(4) DENYING DEFENDANT COMMISSIONER'S AMENDED
MOTION FOR SUMMARY JUDGMENT (Dkt. No. 17);
AND (5) REMANDING THIS ACTION FOR FURTHER PROCEEDINGS CONSISTENT
WITH THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This matter is before the Court on Plaintiff's Objections to Magistrate Judge Michelson's

April 29, 2013 Report and Recommendation. (Dkt. No. 22, Objections). Having conducted a *de

novo* review of the parts of the Magistrate Judge's Report and Recommendation to which

objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's

Objections, adopts the Magistrate Judge's Report and Recommendation, grants in part Plaintiff's

motion for summary judgment, denies Defendant Commission's motion for summary judgment

and remands this proceeding in accordance with sentence four of 42 U.S.C. § 405(g) for further

proceedings consistent with the Magistrate Judge's Report and Recommendation.

**I. BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here.  (Dkt. No. 21, Report and Recommendation at 2-12).

In summary, the Plaintiff applied for disability benefits on March 16, 2007, alleging a disability on-set date of October 22, 2004 after suffering a back injury at work. (Tr. 14). Plaintiff alleged the back injury and the associated pain as the reason for her disability. Plaintiff's application for benefits was denied and Plaintiff requested a hearing before an ALJ. The hearing was held on November 5, 2009 before ALJ Roy Roulhac.  (Tr. 28-48).  In a February 26, 2010 decision, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act.  (Tr. 72-81)

Plaintiff appealed and the Appeals Council vacated the ALJ's decision in light of new evidence, in the form of a statement of disability from Dr. Jeffery Kimpson (one of Plaintiff's treating doctors and a pain specialist) and remanded the case to an ALJ for further proceedings. (Tr. 86).  The Appeals Council directed the next ALJ to give consideration to the "claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations."  (*Id.*).  Further, the Appeals Council directed the ALJ to "evaluate the treating source opinion pursuant to 20 CFR 404.1527 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence."  (*Id.*).

On August 2, 2011, ALJ John Rabaut held a second administrative hearing in accordance with the remand.  (Tr. 49-66).  On August 24, 2011, he issued an opinion finding that Plaintiff

2

was not disabled. (Tr. 14-22). This decision became final on February 7, 2012, when the Appeals Council denied Plaintiff's request for further review. (Tr. 1).

Plaintiff filed the current action on April 6, 2012. (Dkt. 1, Compl.). The parties filed cross motions for summary judgment which were referred for decision to Magistrate Judge Michelson. (Dkt. Nos. 12 & 17). On April 29, 2013, the Magistrate Judge issued a Report and Recommendation which recommended granting in part Plaintiff's motion for summary judgment, denying Defendant's motion, and remanding the matter to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). (Dkt. No. 21). The Magistrate Judge found that the ALJ (in the most recent opinion) completely failed to evaluate the opinion of Plaintiff's longtime treating physician, Dr. Michael White. (Dkt. No. 21 at 1). The Magistrate Judge held that this was a violation of the requirement that ALJ's provide "good reasons" for assigning weight to a treating-source opinion. (*Id.*, citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004)). In summary, the Magistrate Judge explained "ALJ Roulhac considered Dr. White's opinions but not Dr. Kimpson's and ALJ Rabaut considered Dr. Kimpson's opinion but not Dr. White's. As the Appeals Council implied, some ALJ needs to consider the two together." (Dkt. No. 21 at 15). As a result of that failure, the Magistrate Judge recommended that the case be remanded with instructions that the next ALJ "evaluate Dr. White's opinion, assign a weight to his opinion consistent with the factors set forth in 20 C.F.R. § 404.1527(c), and, if necessary, reevaluate May's credibility." (*Id.* at 17).

Now before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 22, Objections). Defendant Commissioner filed a response to those objections on May 5, 2013. (Dkt. No. 23).

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ... "); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Kyle v. Comm'r of Social Security*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).  "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

## III. ANALYSIS

4

This action has a slightly different background than many social security actions that come before this Court. This action has already been remanded once by the Appeals Council for a failure to conform to the regulations where the ALJ failed to evaluate a treating physician's opinion. Then, after remand and a second unfavorable decision from a second ALJ, Plaintiff eventually appealed to this Court and the Magistrate Judge found that the second ALJ failed to evaluate a different treating physician's opinion in violation of those same regulations. To remedy this error, the Magistrate Judge recommended that this action be remanded again so a third ALJ can properly evaluate the treating physicians' opinions together, assign them weight, and give good reasons for his or her decision.

With this unique background elucidated, the Court now addresses Plaintiff's objections and Defendant Commissioner's response noting that there is no dispute that ALJ Rabaut failed to evaluate or account for Plaintiff's long time primary physician Dr. Michael White's medical opinion in violation of the treating physician rule. *See* 20 C.F.R. § 404.1527. Plaintiff makes three objections to the Report and Recommendation: (1) it was error for the Magistrate Judge to find that a remand was "required"; (2) it was error not to extend the analysis of *Johnson v. Commissioner*, 652 F.3d 646 (6th Cir. 2011) to the ALJ's rejection of Dr. Kimpson's opinion (also Plaintiff's treating physician); and (3) the ALJ's credibility determination is "ripe" for review and the Court should reject it as unsupported by the record.

Defendant Commissioner responded to Plaintiff's objections and argued the Court should adopt the Magistrate Judge's Report and Recommendation and remand the matter to an ALJ for further proceedings because there are factual issues that need to be addressed such that an award of benefits would be improper.

5

### A.     First Objection

Plaintiff first appears to argue that the Magistrate Judge erred when she recommended the action be remanded based on the ALJ's failure to evaluate the opinion of Plaintiff's longtime treating physician Dr. White.  Plaintiff argues that this "fact alone does not necessarily *require* a remand, as the Magistrate appears to assume".  (Pl.'s Obj. at 2, emphasis in the original).  The Court finds this objection is without any basis.  While the Magistrate Judge did in fact recommend a remand, she meticulously provided an analysis regarding whether to remand the case for an award of benefits or whether to remand for further proceedings.  The Court will address Plaintiff's argument regarding the Magistrate Judge's treatment of *Johnson* in this regard more thoroughly below, however, Plaintiff's argument that the Magistrate Judge "assumed" that a remand for further proceedings was required is not well taken given the Magistrate Judge's two page analysis examining whether a remand for full benefits was appropriate.  (*See* Dkt. No. 21 at 16-17).

### B.     Second Objection

Plaintiff next objects to the Report and Recommendation and argues that the Magistrate Judge erred in her analysis of the *Johnson* opinion by failing to appreciate that Dr. White's opinion was not the sole treating physician's opinion in the record and arguing that it was the ALJ's treatment of Dr. Kimpson's opinion that violated tenants of *Johnson*, not the ALJ's failure to account for Dr. White's opinion.   Plaintiff argues that the Magistrate Judge's reasons for differentiating *Johnson* from the present case are not applicable when analyzing *Johnson* in regards to the treatment of Dr. Kimpson's opinion and that *Johnson* mandates that this case be remanded for an award of benefits - not for further proceedings.  To this end, the Court will

2:12-cv-11597-PDB-LJM   Doc # 24   Filed 04/15/14   Pg 7 of 12   Pg ID 811

address *Johnson* in relation to the ALJ's treatment of Dr. Kimpson's opinion.[1]

In *Johnson*, the Sixth Circuit addressed the narrow issue of whether an ALJ erred when he "failed to give controlling weight to claimant's treating physician and instead credited the assessment of a non-treating state agency physician who concluded that the claimant had the capacity to perform a limited range of work". *Id*. at 647.  The claimant in *Johnson* had suffered an injury to his neck while working on a construction site and suffered from resulting back pain. *Id*. at 648.  In denying the claimant's claim, the ALJ held that a pain specialist's opinion was not given significant or controlling weight pursuant to the treating physician rule because her opinion did not include any "physical findings on examination, and rather only document[ed] the subjective complaints of the claimant." *Id*. at 649.  The ALJ concluded that the pain specialist's opinion was more "consistent with the subjective complaints of the claimant rather than objective medical findings and other opinions." *Id*.  The ALJ then went on to assign the "greatest weight to the opinion of the non-examining State Agency program physician, which determined that the claimant could perform a range of medium exertional work." *Id*.

In its analysis, the Sixth Circuit noted that the "good reasons" cited by the ALJ for rejecting the pain specialist's opinion were "unsupported by the record and [were] clearly erroneous." *Id*. at 652. The Sixth Circuit also found that the state agency physician (whose RFC

---

[1] Plaintiff's objection addresses the three points of differentiation the Magistrate Judge found between *Johnson* and this action as it relates to the opinion of Dr. White.  As the Court examines *Johnson* in relation to Dr. Kimpson's opinion *de novo*, there was no need to address each of these factors individually.  The Court does note however, that it was mere clerical error on the part of the Magistrate Judge to cite to Dr. Soo's "December 2006" opinion, as it is clear from context that the Magistrate Judge meant to cite to Dr. Soo's October 2006 post-operative opinion in which he finds Plaintiff could return to work with a 25-pound lift restriction.  (Tr. 323).

7

assessment was afforded the greatest weight by the ALJ) had not completed the RFC independently but had merely signed a completed RFC form. *Id*. at 650. The RFC was also contradictory, "cursory" and referred to the plaintiff by the wrong gender. *Id*. at 650-51. Finally, the Sixth Circuit noted that the ALJ erred by: (1) failing to give the pain specialist's opinion greater weight than a non-specialist's opinion; and (2) failing to appreciate that when a doctor is a "pain specialist" the complaints regarding pain from a patient are expected to be subjective in nature. *Id*. at 652. The Sixth Circuit then remanded the case for an award of benefits noting that while "normally" it would remand the case for further proceedings, there was no question that the claimant was entitled to benefits because the vocational expert was asked at the previous hearing to evaluate the pain specialist's opinion and found no work was available given her parameters. *Id*. at 652.

The Court notes that the *Johnson* opinion and the present action share several factual similarities. Similar to the claimant in *Johnson*, Plaintiff suffers from back pain such that she has been treating with a pain specialist, Dr. Kimpson, for an extended period of time (from December 2006 through 2011). (Tr. 552-55; 606-07; records from Kimpson's practice 608-36). Further, similar to the ALJ's rejection of the pain specialist's opinion in *Johnson*, the ALJ did not give Dr. Kimpson's April 2010 opinion significant weight because due to the opinion not being supported by "objective medical evidence" and being supported primarily by "the claimant's subjective complaints of pain." (Tr. 20). Therefore, it is clear that the ALJ's evaluation of Dr. Kimpson's opinion fails to appreciate Dr. Kimpson's status as a expert in his field or the inherent subjective nature of pain which is his speciality.

This fact does not mandate that this Court remand this case for an award of benefits,

8

however.  Indeed, despite the similarities there is a relevant and significant divergence between the facts in *Johnson* and this action.  In *Johnson*, the ALJ gave "the greatest weight" to a slapdash report authored by a state agency doctor who had not personally seen the claimant and had not personally filled out the RFC form.  The Sixth Circuit also found that the ALJ's good reasons for rejecting the pain specialist's opinion were clearly erroneous and the opinion was actually supported by objective evidence.  In this action, ALJ Rabaut gave limited weight to the opinion of the treating (pain specialist) physician, but did not clearly assign any other medical opinion "the greatest" or "significant" weight.  Rather, ALJ Rabaut merely found that other opinions supported his RFC assessment, stating:  "as more fully explained in the previous decision, the clinical findings from Anthony Emmer, D.O. [a consulting neurologist], Dr. Teck Soo, M.D. [the neurosurgeon who fuses Plaintiff's back and provided pre and post operative care], Bill Bean, MS, PT, [a physical therapist Plaintiff saw after her surgery] and the State consultative examiner also support the residual functional capacity."  (Tr. 20).

The Sixth Circuit has long held that "the medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference."  *Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 240 (6th Cir. 2002) (citation omitted).   In this action it is unclear whether Dr. Kimpson's opinion is uncontradicted such that the opinion should be afforded complete deference.  While the Plaintiff argues that the issue before this Court is as straightforward as the question before the Sixth Circuit in *Johnson*, that is simply not the case.  The Plaintiff herself points out that there is more than one treating

physician's opinion in the record and those two opinion have not yet been evaluated together.[2]
Further and most importantly, ALJ Rabaut assigned limited weight to Dr. Kimpson's opinion
based apparently in part in his rejection of Plaintiff's own credibility and based on the opinions
of other medical sources (Drs. Emmer and Soo),[3] a non-medical source (Bill Bean) and also the
state consultative examiner's opinion (Dr. Montasir).[4]  (Tr. 20).

      Finally, the irrefutable fact remains that the issues in this case are not as clear or
uncontroverted as those in *Johnson* which undermines Plaintiff's argument for an award of
benefits.  In *Johnson*, there was only one treating physician's opinion that the Sixth Circuit
found was supported by objective medical evidence and was clearly entitled to more weight than
a clearly suspect "cursory" RFC by a non-examining state agency doctor.  Further, the
specialist's opinion had already been submitted to the vocational expert who found that no work
was available under those her parameters.  Hence, the Sixth Circuit found that there were no

---

     [2] The fact that Dr. White and Dr. Kimpson's opinions may support one another, as the
Magistrate Judge noted her in Report and Recommendation, may lend more credence to the
opinions due to their consistency, but does not dictate that the Court must automatically assign
these opinions controlling weight as the Plaintiff suggests.

     [3] The Court does question ALJ Rabaut's characterization of Dr. Emmer's opinion as
supportive of his RFC assessment when Dr. Emmer clearly states in his October 29, 2009
opinion, "MRI of the lumbar spine demonstrated scar tissue at L5-S1 and at L4-5 and L3-4
degenerative change with disc bulges. ... This patient has chronic low back pain due to scar
tissue, degenerative changes."  (Tr. 605).  The Court also notes that Bill Bean, a physical
therapist, is a non-medical source opinion.  *See* Soc. Sec. Ruling 06-03p.  It is clear that Dr.
Soo's opinion from October 2006 which states Plaintiff could return to work with a 25 pound lift
restriction would support the ALJ's RFC assessment.  (*See* Tr. 323).

     [4] The Court notes that ALJ Roulhac recognized that the state agency prepared RFC
(authored by Jack Kaufman, M.D.) was entitled to only "limited weight" because it was "not
well-supported by either the objective or other substantial evidence of record." (Tr. 77).  This is
a different report than the consultative exam administered by E. Montasir, M.D who actually
examined Plaintiff.  (Tr. 582-89).

factual issues left to resolve and took the unusual step of remanding the case and awarding

benefits.  The Sixth Circuit has explained that a court may remand for an award of benefits

> if it determines that substantial evidence does not support the Secretary's decision
> ... [and] if all essential factual issues have been resolved and the record
> adequately establishes a plaintiff's entitlement to benefits. ... A judicial award of
> benefits is proper only were the proof of disability is overwhelming or where the
> proof of disability is overwhelming or where the proof of disability is strong and
> evidence to the contrary is lacking.

*Martin v. Comm'r of Soc. Sec.*, 61 Fed. App'x 191, 201 (6th Cir. 2003) (quoting *Felisky v.*

*Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994)).  As set forth above, this action is not without

factual conflict where there may be evidence in the record that supports the ALJ's RFC

assessment, there has been no weight assigned to Dr. White's opinion, and the Dr. Kimpson's

and Dr. White's opinions have not been considered together.  As a result, a remand for an award

of benefits is not appropriate.

     The Court recognizes that this case has spent years winding its way through multiple

hearings before ALJs and now years pending in the District Court.  While this is a regrettable

circumstance the delay itself is not an appropriate or determining factor when evaluating whether

an award for full benefits is mandated.  Therefore, the Court agrees with the Magistrate Judge

that the more prudent course of action in this case to a remand for further proceedings and

Plaintiff's objection is denied.

     **C.**     **Plaintiff's Third Objection**

     Plaintiff objects to the Magistrate Judge's finding that her credibility determination is not

"ripe" for review in light of a remand for further proceedings.  As the Plaintiff acknowledges in

her brief, "[t]his determination hangs on the premise that a remand is required for evaluation for

Dr. White's opinion.  If the premise falls, as plaintiff argues it must, then the collateral

11

determination falls as well." (Pl.'s Obj. at 6). As the Magistrate Judge accurately noted, a remand for further proceedings, namely a reexamination of both treating physician's opinions and the recitation of good reasons (as required by the regulations, *see* 20 C.F.R. § 404.1527) for the weight given to each opinion will likely result in a re-examination of Plaintiff's credibility. Therefore, the Court will deny Plaintiff's third objection.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Objections (Dkt. No. 22), ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 21), (3) GRANTS IN PART Plaintiff's Motion for Summary Judgment (Dkt. No. 12), and (4) DENIES Defendant's Amended Motion for Summary Judgment (Dkt. No. 17) and REMANDS this action pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion and the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.


           s/Paul D. Borman                 
           Paul D. Borman
           United States District Judge

Dated: April 15, 2014


### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2014


           s/Deborah Tofil                 
           Case Manager